**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO SOSA MORALES,** *Petitioner*, v. **TODD BLANCHE,** *Acting Attorney General*; **MARKWAYNE MULLIN,** *Secretary of the Department of Homeland Security*; **MARY DE ANDA YBARRA,** *U.S. ICE Field Office Director*; **and ANGEL C. GARITE,** *Assistant Field Office Director of EPC*, ***Respondents*.** | § | **EP-26-CV-00345-DCG** |

**ORDER TO FACILITATE PETITIONER'S RETURN TO UNITED STATES AND PROVIDE WEEKLY STATUS UPDATES**

On November 13, 2024, an Immigration Judge granted *pro se* Petitioner Carlos Alberto Sosa Morales a "deferral of removal" under the Convention Against Torture ("C.A.T."),[1] which prohibited the Government from removing Petitioner to El Salvador.[2] The Court was therefore

[1] *See* Immigr. Judge Order, ECF No. 28-1, at 3.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* 8 C.F.R. § 208.22 ("An alien . . . who is granted . . . deferral of removal[] may not be deported or removed to the country to which his or her deportation or removal is ordered . . . deferred unless the . . . deferral is terminated . . . .").

*See also* Resp., ECF No. 9, at 3 (the Government's own filing acknowledging that "Petitioner was granted deferral of removal to El Salvador by an Immigration Judge," meaning that "Petitioner can be removed to any country except El Salvador"); Yague Decl., ECF No. 9-1, at 4 (similar).

alarmed when Respondents told the Court that the Government had removed Petitioner to El Salvador on April 13, 2026.[3] The Court therefore ordered Respondents to:

(1) inform the Court whether Petitioner's deferral of removal was still in effect when the Government removed him to El Salvador; and, if it was,

(2) "show cause why the Court shouldn't order the Government to facilitate Petitioner's return to the United States."[4]

Respondents timely filed a Supplemental Status Report informing the Court that "Petitioner's deferral of removal was not terminated before his removal to El Salvador."[5] It thus appears that the Government removed Petitioner to El Salvador in violation of the Government's own deferral-of-removal order—and, thus, in violation of its own regulations.[6]

## I. DISCUSSION

In another case where the Government removed an alien to El Salvador despite being prohibited from doing so,[7] the Supreme Court ruled that the district court "properly require[d] the Government to 'facilitate' [the alien's] release from custody in El Salvador and to ensure that his case [was] handled as it would have been had he not been improperly sent to El Salvador."[8] This Court will therefore enter a similar order here.

---

[3] *See* Status Report, ECF No. 18, at 1.

[4] Order, ECF No. 22, at 2 (emphasis omitted); *see also infra* notes 7–8 and accompanying text.

[5] Suppl., ECF No. 28, at 1.

[6] *See supra* notes 1–2 and accompanying text.

[7] *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) ("On March 15, 2025, the United States removed Kilmar Armando Abrego Garcia from the United States to El Salvador . . . . The United States acknowledges that Abrego Garcia was subject to a withholding order forbidding his removal to El Salvador, and that the removal to El Salvador was therefore illegal.").

[8] *See id.; see also Ojeda Duarte v. Warden*, No. 3:26-cv-00089, 2026 WL 1392585, at *2 (W.D. Tex. Apr. 21, 2026) (analyzing why the jurisdiction-stripping provision codified at 8 U.S.C. § 1252(g) doesn't deprive a federal court of jurisdiction to order the Government to facilitate the return of an alien whom the Government has unlawfully deported to a prohibited country).

To their credit, Respondents attest that they've "already started working to facilitate Petitioner's return to the United States without a Court order."[9] Nevertheless, to ensure that the Government acts with deliberate haste to correct its mistake, the Court will enter a court order requiring the Government to continue its current efforts. The Court will further order Respondents to provide weekly status updates until the Government returns Petitioner to the United States.

## II. CONCLUSION

The Court therefore **ORDERS** Respondents to take all available steps to facilitate Petitioner Carlos Alberto Sosa Morales's return to the United States **AS SOON AS POSSIBLE**.

Once the Government successfully returns Petitioner to the United States, Respondents **SHALL INFORM** the Court **AS SOON AS POSSIBLE**.

**Every Friday**, at or before **Noon Mountain Time**, Respondents **SHALL FILE** a status update informing the Court:

(1) what steps it has taken to facilitate Petitioner's return to the United States; and

(2) any setbacks the Government has encountered in that process.

Respondents' obligation to file those weekly status reports will **REMAIN IN EFFECT** until the Government returns Petitioner to the United States or the Court orders otherwise.

---

[9] *See* Suppl. at 1; *see also id.* (stating that the Government "reached out to a regional attaché to commence the process of paroling the Petitioner back into the Untied [sic] States").

**So ORDERED and SIGNED this 19th day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**